HAZOURI, J.,
dissenting.
I concur in all aspects of the majority opinion except the denial of Terrell’s ineffective assistance of counsel claim that his counsel failed to hire and call an accident reconstruction expert. Terrell repeatedly requested that his attorney retain such an expert to refute the state’s claim that he was guilty of aggravated battery on a law enforcement officer.
The majority concludes that the negative response to the trial court’s inquiry of whether Terrell wished to call any other witness conclusively refutes this claim. I disagree. Terrell had no expert to call as a witness. His counsel had failed to comply with his requests to obtain an expert. Perhaps it was a strategic decision by counsel but the record is silent on this point. How would Terrell identify the expert he wished to call?
Contrast this with the majority’s conclusion to deny the ineffective assistance of *1291 counsel claim for failing to call Tom Deal. Terrell knew of the witness Deal, and claimed that Deal would provide testimony which would have exonerated him. The majority correctly concludes that the record conclusively refutes this claim. To conclude that the record conclusively refutes the claim that Terrell’s counsel was ineffective for failure to retain and call an accident reconstruction expert in my judgment is erroneous. If no expert had been retained, who was Terrell supposed to tell the trial court that he wanted to call as a witness? How could his response to the trial court’s inquiry be conclusively refuted by the record?
The majority’s decision to deny Terrell an evidentiary hearing for his failure to advise the trial court that he had asked his attorney to retain an accident reconstruction expert is inconsistent with the majority’s determination that Terrell is entitled to an evidentiary hearing on the failure of Terrell’s counsel to depose John Derasmo. The purpose of a Derasmo deposition would have been to produce other eye witnesses to the collision which would show that Terrell did not intentionally strike the police car. Since Terrell is entitled to an evidentiary hearing on this point, why is he not entitled to an eviden-tiary hearing concerning his attorney’s failure to follow up on the numerous requests to retain an accident reconstruction expert in order to investigate the incident and provide testimony to support Terrell’s defense? I do not disagree with the majority’s conclusion that Terrell is entitled to an evidentiary hearing in reference to the failure of his attorney to depose John Derasmo. However, it appears to me that both of these claims of ineffective assistance of counsel are analogous. I would therefore reverse to include Terrell’s claim of ineffective assistance of counsel for his counsel’s failure to retain and call an accident reconstruction expert as one which requires an evidentiary hearing.